UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALI SHUKRI AMIN, | : | |
| | : | |
| Petitioner, | : | Civil Action No.:   19-3418 (RC) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM P. BARR, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Before the Court is Petitioner Ali Shukri Amin's *pro se* "Petition for Writ of Habeas Corpus by a Person Detained in Federal Custody Pursuant to 28 U.S.C. Section 2241," ECF No. 1. At the time of his filing, Mr. Amin was serving out the final months of his sentence at a halfway house in Washington, D.C. He has since completed his sentence and now resides in Virginia on supervised release. Mr. Amin's petition is styled as one under § 2241 and, if this Court were to characterize it as such, Mr. Amin correctly listed his immediate custodian as a proper respondent. Respondent has moved to transfer for lack of jurisdiction on the grounds that although Mr. Amin filed under § 2241 and listed a proper respondent, his petition should be construed instead under 28 U.S.C. § 2255. Respondent argues that *pro se* motions should be characterized by the nature of the relief sought and not the caption that petitioners attach to their pleadings. Because Mr. Amin's arguments challenge his underlying conviction rather than the manner in which his sentence is being executed, this Court construes Mr. Amin's pleading under § 2255, and therefore concludes that it lacks jurisdiction to consider Mr. Amin's petition for a writ of habeas corpus. Accordingly, this Court notifies Mr. Amin of the consequences of having

his motion recharacterized as one under § 2255 and will allow him an opportunity to withdraw the petition before granting Respondent's motion to transfer.

## II.  FACTUAL BACKGROUND

On June 11, 2015, in the U.S. District Court for the Eastern District of Virginia, Mr. Amin pled guilty to one count of conspiracy to provide material support or resources to designated terrorist organizations, in violation of 18 U.S.C. § 2339B. *United States v. Amin*, Case No. 1:15-cr-164-CMH, ECF No. 6 (June 11, 2015). On August 28, 2015, Mr. Amin was sentenced to one hundred and thirty-six (136) months in prison with a lifetime of supervised release. *Id.* at ECF No. 20 (Aug. 28, 2015). Several years later, the government filed a Motion for Reduction of Sentence pursuant to Fed. R. Crim. P. 35(b), which was granted on April 27, 2018, and Mr. Amin's sentence was reduced to seventy-two (72) months with a continued lifetime of supervised release. *Id.* at ECF No. 26 (Apr. 27, 2018). Mr. Amin was relocated to Hope Village Halfway House in Washington, D.C., and he shortly thereafter submitted this petition. *See* Pet., ECF No. 1 at 2. Mr. Amin was released from Hope Village Halfway House on May 4, 2020, and now resides in Virginia. *Id.* at 1, 12; ECF No. 17 at 2.

## III.  ANALYSIS

Mr. Amin filed a petition for writ of habeas corpus styled as one under 28 U.S.C. § 2241. That statute allows a petitioner alleging he is in "custody in violation of the Constitution or laws or treaties of the United States" to challenge the physical conditions of his detention in Federal District Court. *Day v. Trump,* 860 F.3d 686, 689 (D.C. Cir. 2017) (quoting § 2241(c)(3)). Writs of habeas corpus pursuant to § 2241 are typically used to challenge the manner in which one's sentence is executed. *See, e.g.*, *United States v. Robinson*, No. 11-cr-0290, 2017 WL 1483349, at *1 (D.D.C. 2017) (finding § 2241 proper for challenging a presentence investigation report that

determined a prisoner's custody level); *Combs v. Attorney Gen. of U.S.*, 260 F. Supp. 2d 53, 54 (D.D.C. 2003) (finding § 2241 proper for challenging the designated place of one's confinement); *Mitchell v. Smith*, No. 15-cv-1319, 2016 WL 11607465, at *2 (D.D.C. Apr. 29, 2016) (finding § 2241 proper for challenging a prison disciplinary hearing); *Ramsey v. U.S. Parole Comm'n*, 82 F. Supp. 3d 293, 299 (D.D.C. 2015), *aff'd*, 840 F.3d 853 (D.C. Cir. 2016) (finding § 2241 proper for challenging the terms of parole); *United States v. Queen*, No. 17-cr-58, 2020 WL 2748495, at *5 (D.D.C. May 27, 2020) (finding § 2241 proper for challenging BOP's calculation of the length of confinement); *Stern v. Fed. Bureau of Prisons*, 601 F. Supp. 2d 303, 305 (D.D.C. 2009) (citing *Brown v. Plaut*, 131 F.3d 163, 168–69 (D.C. Cir. 1997) (suggesting that § 2241 be used to bring challenges to prison conditions, such as "visitation, mail, shower or library privileges"). Writs pursuant to § 2255, on the other hand, are the proper avenue for petitioners claiming their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a).

Mr. Amin does not contest the manner in which his sentence is being executed, but rather claims his underlying conviction and sentence were unconstitutional and that the sentencing court lacked jurisdiction. He appears to make several general arguments. First, he argues that the federal government "did not have the authority . . . to enforce [the underlying] federal criminal offense statute" in the state of Virginia. ECF No. 1 at 9 ¶ 3(b); *see also id.* at 25 ¶¶ 17–18 (arguing that petitioner's actions in Virginia were outside the bounds of federal jurisdiction). Second, Mr. Amin asserts that he is entitled to relief on procedural grounds because "he has not, till this day, received a true indictment" and that all documents used in his conviction "are essentially forged to illegally incarcerate him." *Id.* at 9 ¶ 3(c); ECF No. 22 at 23. Third, he claims

his conviction "was not based upon the supreme law of the land" but was based on "unofficial dicta . . . [that] carry no constitutional weight." ECF No. 1 at 9 ¶ 3(d). And lastly, Mr. Amin states that he is illegally incarcerated as the "the judge presiding over the case, the prosecutor, the defense attorneys, and all other court functionaries," had unconstitutional conflicts of interest as they were incentivized by a financial conspiracy scheme whereby they "receive[d] payments of dividends, annuities, and/or residuals" for sentencing him. *Id.* at 9, 38–39; ECF No. 22 at 23. These are attacks on the legality of the underlying conviction—not challenges to the means or manner in which Mr. Amin's sentence has been executed.

  Although Mr. Amin's petition is not a model of clarity, he appears to have intentionally filed under § 2241 in an attempt to overcome the restriction that a petition pursuant to § 2255 must be filed in the court which sentenced him. He argues that he "does not contest the conviction or sentence, and any arguments which may seem to do so . . . must be construed, as much as possible, to apply only to his detention." *Id.* at 15 ¶ 7. Mr. Amin further purports to claim he does not "contest the validity of his conviction or sentence" as his arguments all concern issues that began "before the petitioner was detained, before he was charged, and before he was sentenced." ECF No. 22 at 20 ¶ 1. Mr. Amin declares that therefore § 2255 "is plainly inadequate and ineffective to test legality of the petitioner's detention." *Id.* at 21 ¶ 4. But he seems to misinterpret the restrictions of a § 2255 motion when he states that "petitions designed 'to test the legality of . . . detention' are exempted from being filed in the district of conviction." *Id.* at 20 ¶ 2. He appears to maintain that while § 2255 is used to challenge convictions, it is inadequate here because he is challenging jurisdictional issues that arose *before* he was convicted. His assertions that he is not contesting the validity of his conviction directly contradict the substance of his arguments. Mr. Amin argues his *detention* is illegal and

4

unconstitutional only as a means of attacking his underlying conviction. He presents an interpretation of § 2241 that is neither supported by case law nor the language of the statute. If petitioners could challenge the legality of their underlying sentence by merely attacking the legality of their detention, then there would be little distinction between § 2241 and § 2255.

Contrary to what Mr. Amin suggests, a habeas petition filed under 28 U.S.C. § 2255 is the proper way for him to challenge the jurisdiction of the sentencing court or the constitutionality of his sentence. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Hairston v. United States*, No. 14-cv-0432, 2014 WL 2446071, at *1 (D.D.C. May 27, 2014) ("Insofar as plaintiff challenges the jurisdiction of the sentencing court, his conviction or his sentence, he must proceed by filing a motion in the sentencing court under 28 U.S.C. § 2255."); *Gillham v. Holland*, No. 11-cv-372, 2011 WL 666898, at *1 (D.D.C. Feb. 14, 2011). The statute states that petitioners filing under § 2255 "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). This Circuit has reiterated that language and stated that a § 2255 petition must be filed in the sentencing court. *See Moleski v. U.S. Dep't of Justice*, 744 F. App'x 5, 5 (D.C. Cir. 2018) (per curiam) ("To the extent appellant is challenging his conviction, relief is available, if at all, via a motion under 28 U.S.C. § 2255 in the sentencing court."); *Evans v. Samuels*, 554 F. App'x 15, 15 (D.C. Cir. 2014) (per curiam) ("[A]ppellant's collateral attack on his conviction and sentence must be pursued through a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 filed in the court in which he was sentenced.").

Under rare circumstances, if a petitioner can establish that a proceeding under § 2255 would be inadequate or ineffective then the petitioner "may be permitted to challenge his underlying conviction or sentence under § 2241." *Gewin v. Dodrill*, 779 F. Supp. 2d 27, 44 n.13

5

(D.D.C. 2011); *see also* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). Mr. Amin claims that § 2255 is inadequate and ineffective for his purposes because he "did not directly challenge [his] guilty plea on appeal." ECF No. 1 at 15 ¶ 7. However, there is no such restriction that would preclude Mr. Amin from filing under § 2255. *See, e.g.*, *United States v. Armstead*, No. 13-cr-329, 2016 WL 10749633, at *2 (D.D.C. Nov. 2, 2016) (denying petitioner's motion to vacate sentence under § 2255 as it was untimely, not because petitioner pled guilty and failed to appeal).

The Court is not bound by a *pro se* litigant's characterization of his or her cause of action. *United States v. Palmer*, 296 F.3d 1135, 1143 (D.C. Cir. 2002), *as amended* (Sept. 17, 2002); *see also Williams v. Gonzales*, 567 F. Supp. 2d 148, 149 (D.D.C. 2008). As the Supreme Court has recognized, "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003) (collecting cases). Recharacterization allows for a "better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Id.* at 381–82. This Circuit has further indicated that the Court ought to construe motions that challenge the constitutionality or legality of a prisoner's conviction or sentence as § 2255 motions. *See Gonzales*, 567 F. Supp. 2d at 149 ("[A] motion functionally equivalent to a 28 U.S.C. § 2255 motion should be construed as such, regardless of the caption on the pleading."). Accordingly, the Court would therefore construe Mr. Amin's petition as seeking habeas relief under § 2255.

6

Mr. Amin has also been notified on two separate occasions that a petition pursuant to § 2255 would be the correct vehicle to raise a habeas action that challenges the validity of his underlying conviction. *See Amin v. Hilton et al.* (E.D. Va. 19-CV-939-RDA-TCB) at ECF No. 8 (Apr. 07, 2020) (dismissing without prejudice Amin's right to reassert his challenge to the district court's subject-matter jurisdiction over his underlying criminal proceedings through a § 2255 petition); *see also Amin v. Trump et al.* (D.D.C. 19-CV-1572-ABJ) at ECF No. 18 (Nov. 4, 2019) ("To the extent [Petitioner's] complaint or motion challenge his underlying conviction or sentence, [Petitioner] may not pursue such a claim in this federal district court. Rather, if any relief is available to [Petitioner], he must seek it in the court which imposed the sentence he now is serving. *See generally* 28 U.S.C. § 2255."). It does not appear that Mr. Amin has filed a habeas petition pursuant to 28 U.S.C. § 2255 in the Eastern District of Virginia.

A court lacking jurisdiction can transfer an action under 28 U.S.C. § 1631 if such a transfer is in the interest of justice. *See Smith v. U.S. Bureau of Prisons*, 971 F. Supp. 2d 99, 102 (D.D.C. 2013) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 803 (1988)). Courts have also transferred venue under § 1631 when considering the petitions of *pro se* litigants seemingly confused as to the proper forum. *See, e.g.*, *id.*; *Janvey v. Proskauer Rose, LLP*, 59 F. Supp. 3d 1, 7 (D.D.C. 2014) (citing *Prof'l Managers' Ass'n v. United States*, 761 F.2d 740, 745 n.5 (D.D.C. 1985)); *Besser v. Sec'y of HHS*, No. 86-1477, 1987 WL 155962, at *1 (D.C. Cir. Apr. 15, 1987). Most notably, courts have also transferred venue specifically in the context of habeas petitions filed in the incorrect venue to avoid the burdens associated with refiling. *See* Transfer Order, *Burt v. Barr*, No. 19-cv-2421, (D.D.C. Aug. 14, 2019), ECF No. 2.; *Maxwell v. Lappin*, No. 10-cv-1613, 2011 WL 1897175, at *2 (D.D.C. May 18, 2011) (citing *Stern v. Fed. Bureau of Prisons*, 601 F. Supp. 2d 303, 306–07 (D.D.C. 2009)). Although

7

Mr. Amin does not neccesarily appear to be confused about where he should have filed, the Court will nonetheless transfer his petition in the interest of judicial economy if his petition is recharacterized as a § 2255 motion.

This Court cannot recharacterize Mr. Amin's petition as an initial § 2255 motion without first warning him of the consequences that may result from filing under § 2255. *See Castro*, 540 U.S. at 377 (holding a court may not "recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing"); *see also Palmer*, 296 F.3d at 1146.

Accordingly, the Court notifies Mr. Amin that it intends to construe his Petition for Writ of Habeas Corpus by a Person Detained in Federal Custody Pursuant to 28 U.S.C. § 2241, ECF No. 1, as a motion to set aside or vacate judgement pursuant to § 2255. If the Court recharacterizes Mr. Amin's motion, he will be unable to file successive motions challenging his conviction or sentence unless the appropriate Court of Appeals authorizes him to do so. Successive § 2255 motions will not be considered unless there is newly discovered evidence that would change Mr. Amin's case or there is a new rule in constitutional law regarding collateral review. *See* § 2255(h). Additionally, § 2255 motions are subject to a one-year period statute of limitations. *See* § 2255(f) (detailing various tolling dates). Because of the consequences that may result from recharacterizing Mr. Amin's motion as a § 2255 motion, the Court shall give Mr. Amin the opportunity to withdraw his motion before it is recharacterized.

Mr. Amin therefore has two options: (1) he may withdraw his petition and file a § 2255 petition, bringing all the § 2255 arguments he believes he has, in the Eastern District of Virginia;

or (2) Mr. Amin may do nothing and, in 30 days, this Court will recharacterized his petition as one under § 2255, and will transfer it to the Eastern District of Virginia.  If this happens he may not have the opportunity to add any further § 2255 claims. Additionally, Mr. Amin should be aware that if he withdraws and subsequently files another petition in this Court that attacks his underlying conviction and sentence, that motion will be transferred to the Eastern District of Virginia and will be subject to the restrictions of § 2255 motions described above.

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED** that Mr. Amin shall inform the Court within 30 days whether he wishes to withdraw his petition. If the Court does not receive a response, the petition will be recharacterized as a § 2255 motion. It is

**FURTHER ORDERED** that if Mr. Amin does not withdraw the petition, the Court will grant Respondent's motion and transfer the case to the Eastern District of Virginia.

Dated: July 20, 2020                                                                                       RUDOLPH CONTRERAS
                                                                                                                        United States District Judge